This conviction was for assault with intent to murder, the punishment assessed being three years confinement in the penitentiary.
Appellant complains that the court erred in overruling his application for continuance to secure the testimony of Lem McIntyre, by whom he wished to prove that the absent witness shot Charles Cunningham, the injured party; and that appellant did not do the shooting. In the light of this record, we do not think said testimony is probably true, since various witnesses swear positively and unequivocally that appellant shot the injured party. The record also shows that the absent witness was not competent as a witness, having been convicted of a felony and not having been pardoned.
Appellant further complains that the court permitted the State to contradict the testimony of defendant's witness Angelina Dickinson, by Gus Enck, after the argument of appellant's counsel to the jury had commenced. The statute authorizes the introduction of additional evidence at any time before the argument of counsel closes. In Foreman v. State, 57 S.W. Rep., 843, this court held that the introduction of testimony at such time is within the sound discretion of the court. We see no abuse of such discretion in this case.
Appellant further complains that the court erred in permitting the State to contradict, after laying proper predicate, the testimony of Jim McIntyre. The defense was that Lem McIntyre and not appellant shot the injured party. Jim McIntyre testified on the trial that Lem McIntyre did the shooting. Thereupon the State was permitted to introduce impeaching testimony, and as a predicate asked witness Jim McIntyre, the following question: "State whether or not you did at Eda Phillips' house in the town of Seguin, a few days after the shooting, while Lem McIntyre was lying there injured, state in the presence of Hattie Hagan and Lem McIntyre that you yourself shot Lem McIntyre accidentally in trying to shoot Chas. Cunningham through the head." And also, laid the predicate by asking the following question: "State, *Page 85 
whether or not you stated at Eda Phillips' house in the town of Seguin, a few days after the shooting, while Lem McIntyre was lying there injured, in the presence of Eda Phillips, `Lem, you take the shooting upon yourself; they can do nothing with you as you have been to the penitentiary already and my wife will put her cows and yearlings up and we will get you out of it, if you will take the shooting upon yourself.'" This was legitimate testimony, and the court did not err in permitting its introduction.
There is no error in this record, and the judgment is affirmed.
Affirmed.